MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
32 Broadway, Suite 811
New York, NY 10004
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ronnie Jeffrey,<br><br>                              **Plaintiff,**<br>v.<br><br>**City of New York and NYPD Officer Cordero (TAX ID#956547),**<br>                              **Defendants.** | **Amended Complaint**<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.: 18- 5197  (PKC) |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD Officer Cordero alleging that defendant NYPD Officer Cordero violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred

1

in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Ronnie Jeffrey ("Plaintiff" or "Mr. Jeffrey") is a thirty seven (37) year old African American man who works as a Local 79 Union Laborer and as a maintenance worker for The General Society of Mechanical Tradesman.

6. Plaintiff has no criminal record.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. The individual defendant, NYPD Officer Cordero, is a member of the New York City Police Department ("NYPD") who was so employed on October 12, 2017. The individually named Defendant, NYPD Officer Cordero was acting under color of state law and in his capacity as a member of the NYPD at all relevant times. Defendant NYPD Officer Cordero is sued in his individual and official capacity.

## STATEMENT OF FACTS

9. The Incident which is the subject of the instant Complaint took place at or about 12:15 a.m. on October 12, 2017, at or near Lyman Place and Freeman Street, Bronx NY.

10. Plaintiff was walking on the sidewalk to a store on Lyman Place near Freeman Street when he noticed police activity and numerous officers surrounding an automobile.

11. Plaintiff stopped on the sidewalk where he was walking and looked toward the police activity.

12. Defendant NYPD Officer Cordero looked at Plaintiff and yelled, "What the fuck are you looking at?", to which Plaintiff responded that he could stay where he was on the sidewalk and hadn't done anything wrong.

13. Plaintiff's response apparently angered Defendant Officer Cordero causing Defendant Officer Cordero to look at Defendant NYPD Sgt. Jane Doe and ask he what he should do.

14. Defendant NYPD Sgt. Jane Doe replied, "Do what you want to do."

15. Defendant NYPD Officer Cordero then instructed Plaintiff to "turn around," and Defendant NYPD Officer Cordero handcuffed Plaintiff.

16. Plaintiff was then placed in a police van which toured the neighborhood before arriving at NYPD Precinct PSA-7.

17. Plaintiff remained at the precinct for approximately three (3) hours where he was processed and then given a "pink ticket" for the offense of Disorderly Conduct.

18. Thereafter, Plaintiff demanded a trial and was required to attend Criminal Court four (4) times before the case was dismissed in the entirety on June 1, 2018.

19. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, lost wages, anxiety and degradation – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

20. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

21. Defendant NYPD Officer Cordero violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

22. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
*False Arrest*

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendant NYPD Officer Cordero violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
*Denial of Constitutional Right to a Fair Trial*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendant NYPD Officer Cordero created false evidence against Plaintiff.

28. Defendant NYPD Officer Cordero then forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

29. In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, NYPD Officer Cordero violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

30. As a direct and proximate cause of the foregoing, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### *Malicious Prosecution*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By his conduct, as described herein, and acting under color of state law, Defendant NYPD Officer Cordero is liable to Plaintiff under 42 U.S.C. §1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendant NYPD Officer Cordero's unlawful actions were done willfully, knowingly and with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by Defendant NYPD Officer Cordero of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendant NYPD Officer Cordero continued with the prosecution, which was resolved in Plaintiff's favor when the case was dismissed.

34. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, lost wages, anxiety and degradation – all to his detriment.

## FIFTH CLAIM
## FIRST AMENDMENT RETALIATION

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By his conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, NYPD Officer Cordero is liable for violation of 42 U.S.C. §1983 which prohibits the

5

deprivation under color of state law of rights secured under the United States Constitution. NYPD Officer Cordero has violated Plaintiff's First Amendment rights to free speech by unlawfully denying his right to speak freely by subjecting him to false arrest to deter the exercise of his First Amendment rights. The Defendant Officer's actions against Plaintiff were taken in retaliation for Plaintiff exercising his First Amendment rights, when, in response to Defendant NYPD Officer Cordero's query toward Plaintiff, and more specifically, "What the fuck are you looking at?", Plaintiff responded that he could stay where he was on the sidewalk and hadn't done anything wrong.

37. As a consequence of NYPD Officer Cordero's actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First-Amendment protected activities.

38. As a direct and proximate cause of NYPD Officer Cordero's unlawful actions, Plaintiff has  suffered damages including an unlawful detention, loss of liberty, lost wages, anxiety and degradation – all to his detriment.

## SIXTH CLAIM
*Monell Claim*

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices,

procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

42. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

43. The City has been alerted to the regular false arrests conducted by its police officers, but has nevertheless exhibited deliberate indifference to such conduct; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

44. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

45. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a

practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

46. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

47. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

48. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This

failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

49. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

50. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, anxiety and degradation – all to his detriment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated:  January 27, 2018
       New York, NY

**s/Michael J. Redenburg_____**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
32 Broadway, Suite 811
New York, NY 10004
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)